UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

RUSSELL DEFREITAS,

    Petitioner,

v.

GREGORY KIZZIAH, Warden,

    Respondent.

Civil Action No. 6:19-077-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Russell DeFreitas is an inmate at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, DeFreitas filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1]. This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth below, the Court will deny DeFreitas's petition.

In 2010, a jury convicted DeFreitas of conspiracy to bomb a public transportation system, conspiracy to destroy a building by fire or explosive, conspiracy to attack aircraft and aircraft material, conspiracy to destroy international airport facilities, conspiracy to attack a mass transportation facility, and surveillance of a mass transportation facility. *See United States v. DeFreitas*, No. 1:07-cr-543 at R. 426 (E.D.N.Y. 2010). The trial court then sentenced DeFreitas to life in prison. *See id.* at R. 525. DeFreitas filed a direct appeal, but the United States Court of Appeals for the Second Circuit affirmed the trial court's judgments. *See id.* at R. 705. To date, it appears that DeFreitas has not yet properly filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

DeFreitas has now filed a § 2241 petition with this Court. [R. 1]. In DeFreitas's own words, he asserts the following three claims:

1. Government's violated and trial court's lacked Article III's accepted-ABSENCE unanimous jury's verdict finding, beyond a reasonable doubt, petitioner's actual innocence conduct, violated any statutory charging element(s) or fact(s) denied jury trial, prohibits double jeopardy retrial, and sentencing jurisdiction by impeached verdict;

2. Defense trial counsel'(s) cause, as prejudice, ineffectiveness not OBJECTION, DEMANDING, to petitioner's actual innocence conduct, after court's acceptance of ABSENCE unanimous jury's verdict finding any statutory charging element(s) reflected by indictment violated and denied trial by jury's verdict.

3. Defense appellate counsel's cause, as prejudice, ineffectiveness not raising or arguing trial counsel'(s) ineffectiveness not OBJECTION, as DEMANDING, to petitioner's actual innocence, after acceptance of ABSENCE unanimous jury's verdict finding any statutory charging element(s) reflected by indictment violated and denied jury trial on direct appeal.

[R. 1 at 5, 13, 17]. DeFreitas cites numerous United States Supreme Court and federal circuit court cases to support his petition. Ultimately, DeFreitas is challenging the validity of his criminal convictions and corresponding sentence.

DeFreitas's § 2241 petition, however, constitutes an impermissible collateral attack on his underlying convictions and sentence. While a federal prisoner may challenge the legality of his convictions and sentence on direct appeal and in a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, DeFreitas cannot use a § 2241 petition as a way of challenging his underlying convictions and sentence.

2

To be sure, there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate that an intervening change in statutory law establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). In this case, DeFreitas has not made such a showing. Instead, DeFreitas is trying to litigate claims that are only appropriate on direct appeal and in a § 2255 motion.

Accordingly, it is **ORDERED** that:

1. DeFreitas's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. A corresponding Judgment will be entered this date.

Dated April 10, 2019.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY